UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nathalie Bevans<br><br>                           Plaintiff,<br><br><br><br>   -v.-<br><br>Real Time Resolutions, Inc.<br><br>                          Defendant. | Index No.: _____<br><br>**COMPLAINT** |

Plaintiff Nathalie Bevans ("Plaintiff" or "Bevans") by and through her attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant Real Time Resolutions, Inc. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of New York, County of New York, residing at 65 East 4th Street, Apt. 6C, New York, NY 10003.

3. Defendant Real Time Resolutions, Inc. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at P.O. Box 566027, Dallas, TX 75356-6027.

**JURISDICTION AND VENUE**

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**FACTUAL ALLEGATIONS**

6.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

7.      On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8.      This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9.      On or around October 14, 2016 the Plaintiff received an initial communication letter from the Defendant.

*Violation I – October 14, 2016 Collection Letter*

10.     When a debt collector solicits payment from a consumer, it must, within five days of an initial communication

  (1) the amount of the debt;

  (2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

11. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

12. Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." Russell, 74 F.3d at 34.

13. The heading at the top of letter states "Account Information as of 10/12/2016".

14. The heading continues:

    Principal Balance: $662.04
    Interest Rate: 0.00%
    Accrued Interest: $135.76
    Other Fees: $184.20
    Late Fees: $0.00
    Credits: $0.00
    Payoff: $982.00

15. The letter concludes: "Please note that the above account balance represents the entire amount clue. Your account balance will not increase while at RTR. This is because we will not charge you any interest or fees."

16. The accounting of interest, non-interest charges, fees, payments and credits as set forth in the "Account Information" section at the top of the letter is confusing to the Plaintiff since the letter's closing statements make it unclear as to whether or not the account was currently accruing interest.

17. Defendant's September 6, 2016 letter fails to include this safe harbor language set out by the Second Circuit in *Avila v Riexinger & Assocs*., LLC 817 F.3d 72. 74 (2d Cir 2016).

18. When addressing this exact issue the Second Circuit stated "We hold that Section 1692e of the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. Because plaintiffs allege that defendants failed to disclose that information here, they have stated a claim under the FDCPA." *Avila v Riexinger & Assocs*., LLC 817 F.3d 72. 74 (2d Cir 2016).

19. A consumer could read the notice and be misled into believing that they could pay the debt in full at any time by paying the amount listed on the notice.

20. However, as set forth by the accounting at the top of Defendant's letter, interest charge or fees continue to accrue on Plaintiff's account.

21. A consumer who pays the "Account balance," will be unaware as to whether or not the debt has been paid in full.

22. Defendant's statement that "Please note that the above account balance represents the entire amount clue. Your account balance will not increase while at RTR. This is because we will not charge you any interest or fees" is directly contradicted by the "Account Information" listed at the top of the letter.

23. Defendant's contradictory statements and information regarding the imposition of accrued interest and fees overshadows the "g-notice" language, as it fails to effectively convey the amount of the debt, thereby coercing the consumer not to exert her rights under the Fair Debt Collection Practices Act.

24. This language is deceptive as the least sophisticated consumer is easily mislead as to the true and correct amount of the debt owed, whether or not interest and fees are accruing on the account.

25. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

*Violation II – October 14, 2016 Collection Letter*

26. Additionally the Plaintiff is a resident of New York state and in order to collect a debt in New York state a collection agency must include the following information: (1) the name of the original creditor; and (2) an itemized accounting of the charged-off debt,

including the amount owed as of charge-off, total amount paid on the debt since the charge-off and the total post charge-off interest, charges and fees.

27. Defendant's October 14, 2016 letter failed to contain this information in violation of the requirements of New York State Department of Financial Services 23 NYCRR 1.2.

28. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
**(Violations of the FDCPA)**

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

30. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692g, 1692e, and 1692f.

31. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Nathalie Bevans demands judgment from the Defendant Real Time Resolutions, Inc., as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
October 11, 2017

/s/ Daniel Kohn
**RC Law Group, PLLC**
By: Daniel Kohn
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501